Exhibit A



**Jesse R. Binnall**
PARTNER

**P:** 703-888-1943 • **F:** 703-888-1930

**D:** 571-467-6566

717 King Street, Suite 200 • Alexandria, VA 22314

**E:** jesse@binnall.com

March 26, 2024

*BY ELECTRONIC MAIL*

The Honorable Daniel S. Goldman
United States House of Representatives
245 Cannon House Office Building
Washington, D.C. 20515
Email: daniel.goldman@mail.house.gov

    *Re:  Anthony Bobulinski – RETRACTION DEMAND AND PRESERVATION NOTICE*

Dear Representative Goldman,

    This firm represents Anthony Bobulinski. You are hereby given notice that litigation is imminent due to recent defamatory comments you made about Mr. Bobulinski on X (formerly Twitter). Accordingly, you should identify and preserve all hard copy and electronic documents and data that relate, in any way, to the subject matter of this dispute.

    Specifically, on March 21, 2024, you wrote, "Tony Bobulinski has used a Trump campaign-paid lawyer to make false allegations since October 2020." To be clear, as you are well aware given your position, Mr. Bobulinski has not told any lies about his firsthand knowledge of the Biden family. Your statement, as though it were a matter of fact, that Mr. Bobulinski has lied to federal investigators, as well as Congress, is defamatory per se and will not be tolerated. Further, President Trump's campaign has never paid Mr. Bobulinski's legal fees. In fact, Mr. Bobulinski has paid over $500,000, in legal fees to numerous lawyers in law firms out of his own pocket since 2020. If you do not immediately delete the post from X and publicly retract your statement on X within five days of receiving this letter, we will file suit against you.

    You are not entitled to any immunity for this defamatory statement. The Speech and Debate Clause comes from Article I, Section 6, Clause 1 of the United States Constitution, and it includes in relevant part: "for any Speech or Debate in either House, they shall not be questioned in any other Place." U.S.C.A. CONST. art. I, § 6, cl. 1.

    While the courts has been careful to interpret this clause "broadly to effectuate its purposes," *United States v. Johnson*, 383 U.S. 169, 180 (1966), and expanded its protections to include anything "generally done in a session of the House by one of its members in

*Retraction Demand and Preservation Notice*
*March 26, 2024*
*Page 2 of 3*

relation to the business before it," *Kilbourn v. Thompson*, 103 U.S. 168, 204 (1880) (*see Johnson*, 383 U.S. at 179), they have been careful to provide defined contours for the outer boundaries of the scope of the privilege. *See Chastain v. Sundquist*, 833 F.2d 311, 314 (D.C. Cir. 1987) ("The Speech or Debate Clause protects all lawmaking activities undertaken in the House and Senate, but affords no constitutional immunity beyond its carefully defined scope.").

The focus of the Speech or Debate clause is to "protect[] only 'purely legislative activities,'—i.e., acts inherent in the legislative process. *Chastain v. Sundquist*, 833 F.2d 311, 314 (D.C. Cir. 1987) (citing *United States v. Brewster*, 408 U.S. 501, 512, 92 S. Ct. 2531, 2537, 33 L.Ed.2d 507 (1972)). Therefore, anything that is not a legislative activity will not be protected.

In *Hutchinson v. Proxmire*, 443 U.S. 111 (1979), the Supreme Court determined that "the transmittal of ... information by individual Members in order to inform the public ... is not a part of the legislative function or the deliberations that make up the legislative process." *Chastain*, 833 F.2d at 314 (citing *Hutchinson*, 443 U.S. at 133). Indeed, the D.C. Circuit has found that a Member of Congress that publishes "even an exact copy of a speech delivered in Congress" loses his constitutional protection. *Chastain*, 833 F.2d at 314 (citing *Hutchinson*, 443 U.S. at 133) (press releases are "primarily means of informing those outside the legislative forum").

Here, you chose to publish an excerpt of a congressional proceeding with your own defamatory commentary. This republication and especially the commentary are not protected because they are not within the scope of the Speech or Debate clause, nor are they protected opinion of a fair report of the proceedings. Rather, your statement is a derogatory falsehood, rendering it legally actionable. Accordingly, Mr. Bobulinski demands an immediate retraction in a new post on X and deletion of the above referenced post from X. Your pattern of maliciously defaming Mr. Bobulinski is well established and will not be tolerated.

This demand is not intended to be a complete recitation of all applicable law and/or facts underlying Mr. Bobulinski's claims against you and shall not be deemed to constitute a waiver or relinquishment of any of Mr. Bobulinski's rights or remedies, whether legal or equitable, all of which are hereby expressly reserved, including but not limited to the recovery of costs and attorneys' fees.

You are required to identify, preserve, and hold in compliance with current legal standards all hard copy and electronically stored information, documents, and data. In this context, "documents and data" is used in the broadest sense and means all hard copy and electronically stored writings, information (including emails and text messages), spreadsheets, drawings, graphs, charts, photographs, and other retrievable data (whether recorded, taped, or coded electronically, electrostatically, electromagnetically or otherwise),

including the original and any non-identical copy and every draft and proposed draft of all correspondence (including emails and text messages), memoranda, notes of meetings, facsimiles, voice mail, reports, transcripts or notes of telephone conversations, notebooks, minutes, notes, tests, reports, analyses and studies, all together with any attachments and enclosures.

Documents and data of any type that relate to the potential litigation arising from your statements, whether hard copy or electronic, draft, or final, should not be discarded, destroyed, modified, or altered in any way and should be held and preserved in their current format until this litigation is resolved. Normal document retention policies must be suspended. If there is any question about whether any hard copy or electronic document, data or file is related to this lawsuit, for the sake of good order, you should assume the broadest possible application of this hold to your materials mandated by current legal standards of preservation such that you should identify, hold, and preserve it.

If you have any questions, please do not hesitate to contact me.

Sincerely,

Jesse R. Binnall